## JAMES FITZGERALD *v.* JAMES B. FITZGERALD.

### Assault and Battery.

Trespass for assault and battery. Plea, *son assault demesne.* Defendant, having testified that after some words plaintiff began throwing mortar at him, admitted that he seized plaintiff and held him, and that afterwards, when they had become separated, and plaintiff was throwing mortar at him, he threw a piece of board at him, hitting him on the leg. The court, in charging on the burden of proof, said that defendant admitted that he assaulted plaintiff. *Held,* that the acts admitted constituted an assault and battery, and that as every battery included an assault, the charge was in that respect without error.

TRESPASS for assault and battery. Pleas, general issue and *son assault demesne.* Replication, *de injuria,* and joinder. Trial by jury, September Term, 1878, DUNTON, J., presiding.

The plaintiff's testimony tended to show that at the time of the commission of the wrong complained of, he was plastering at the house of one Fitzgerald, in Rutland, when the defendant, who

Fitzgerald *v.* Fitzgerald.

was the plaintiff's nephew, came in to inquire about getting sand to plaster his house, whereupon conversation ensued wherein the plaintiff accused the defendant of taking his letters from the post-office, which the defendant denied, saying that he had a post-office box of his own, and had a middle name ; that the plaintiff replied that the middle name was for his mother's people, and that they were a bastardly breed ; and that the defendant thereupon seized him and beat him severely, striking him on the head and leg with a piece of board, and otherwise injuring him. The plaintiff admitted that he had been drinking, but denied that he had drank to excess.

The defendant's testimony tended to show that after the conversation had gone on as detailed by the plaintiff, the defendant replying with some spirit, the plaintiff became angry and began to throw mortar at the defendant ; that the defendant thereupon seized him and held him awhile ; that afterwards when they had become separated and when the plaintiff was throwing mortar at him, he threw a piece of inch board a foot square at the plaintiff, hitting him on the leg. The defendant further testified that the plaintiff had been drinking freely and was much excited ; denied assaulting the plaintiff, saying that whatever beating he gave the plaintiff he gave. in reasonable self-defence, and after the assault made by the plaintiff as already stated.

The court charged as to the burden of proof that under the general issue the burden was on the plaintiff to show that he was assaulted by the defendant, and further as follows :

The defendant admits that he assaulted the plaintiff, but, under his plea, hs says the plaintiff actually committed the first assault, and that what was thereupon done by him was in the necessary defence of his person. The burden of proof is upon the defendant, under this plea, to show that the plaintiff committed the first assault, and that what was done by him (defendant) was done in the necessary defence of his person.

To that portion of the charge the defendant excepted.

. *L. W. Redington* and *P. R. Kendall*, for the defendant.

The charge was erroneous. The defendant did not admit an assault. The acts to which he testified did not constitute an

assault. Bouv. Law Dict., title, Assault ; 3 Bl. Com. 120 ; 2 Hawk. P, C. s. 62.

The error may have misled the jury. At any rate, if the ruling was wrong it cannot be assumed that there was anything in the case to correct it. *Johnson* v. *Burden*, 40 Vt. 567 ; *Brothers* v. *Morris*, 49 Vt. 460.

*W. G. Veazey* and *J. B. Phelps*, for the plaintiff.

Under the plea of *son assault* the burden was on the defendant. 2 Greenl. Ev. s. 95 ; 1 Chit. Pl. 501, 508, 509, 592 ; 3 Chit. Pl. 1067, note ; 2 Phil. Ev. Cowen & Hill's notes, 810, note 220 ; 812, 818, note 223 ; *Blood* v. *Adams*, 33 Vt. 52 ; *Loring* v. *Aborn*, 4 Cush. 608 ; *Burnham* v. *Allen*, 1 Gray, 496.

Under the old English practice the defendant would have had a right to go ahead at the trial. *Bedell* v. *Russell*, Ryan & Moody, N. P. 293 ; *Fish* v. *Travers*, 3 C. & P. 598.

The opinion of the court was delivered by

BARRETT, J. It is agreed that defendant has the burden of maintaining his plea of *son assault*. The defendant admitted seizing hold of plaintiff, and holding him awhile, and that afterwards, when they had become separated, and plaintiff was throwing mortar at him, he threw a piece of board at him, hitting him on the leg.

Those acts, thus admitted, were an *assault* and battery. Every battery includes an assault, is a maxim—though every assault does not include a battery. The court was literally and technically correct in saying in the charge that defendant admits that he assaulted the plaintiff. The rest of the extract from the charge is not criticised, as it could not well be. The court committed no error in the matter excepted to. It may be proper to add that, to the ordinary mind, the technical distinction between a simple *assault*, and an assault by a battery, is not very obvious or well understood, and when in common or professional parlance it is said that one person has assaulted another, the idea conveyed is, that the one person has inflicted some actual violence upon the person of another—not having merely made a fear-

inspiring demonstration of violence, without in fact inflicting it. However this may be in the general, in this particular case the use of the word *assault*, if understood in its restricted technical sense by the jury, would indicate a less injurious and damaging act on the part of the defendant, than if the term *battery* or *beating* had been used.

*Judgment affirmed.*